[Crim. No. 561. Second Appellate District.—October 30, 1917.]

## THE PEOPLE, Respondent, v. TRUMAN D. COLLINS, Appellant.

CRIMINAL LAW—COHABITATION AND ADULTERY—RELATIONSHIP OF PARTIES—EVIDENCE—DEATH CERTIFICATE OF CHILD.—In a prosecution for cohabitation and adultery as defined by section 269a of the Penal Code, a certified copy of the certificate of the death of the woman's child filed as required by the Vital Statistics Act, wherein the defendant admitted that his residence and that of the woman was the same, and that he was the father of the child, is admissible as a fact tending to prove that at the time of the signing of the certificate he was living with the woman as her husband, and not merely as a boarder, as they both contended.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Edward T. Lannon, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted upon an information charging him with the crime of cohabitation and adultery as defined by section 269a of the Penal Code. He appeals from the judgment and from an order denying his motion for a new trial.

The evidence is sufficient to establish the fact that the offense was committed within one year prior to the fourth day of June, 1917, when the amended information was filed.

It was shown by the testimony of witnesses that the defendant and his paramour together occupied a house in San Diego for a year or more, beginning in May, 1916, and that the defendant, in conversation with persons residing in the neighborhood, referred to the woman as his wife. These facts are not contradicted by any evidence in the record, except that defendant and the woman testified that he was there only as a boarder.

The woman had with her at that house a baby, which died on July 3, 1916, it being then of the age of nine months. The court did not err in admitting in evidence a certified copy of the certificate of death of that child. It was admissible as an official document showing that the defendant, over his own signature, admitted at that date that his place of residence and the place of residence of the child's mother were the same, and that he was the father of the child. The Vital Statistics Act (Stats. 1915, p. 575), in section 4 thereof, provides for a local registrar authorized to receive certificates of death and issue burial permits. Section 7 provides that a certificate of death shall state certain facts, one of which is the name of the father of the deceased; and that those personal and statistical particulars shall be authenticated by the signature of the informant, who may be any competent person acquainted with the facts. Section 21 provides for the issuance of a certified copy of the record of any death registered under the provisions of the act, and that such copy, when properly certified by the state or local registrar, "shall be *prima facie* evidence in all courts and places of the facts therein stated." While the fact that this defendant was the father of that child (it having been both conceived and born prior to June 4, 1916) would not of itself establish that he was living in a state of cohabitation and adultery with the child's mother on and after June 4, 1916, it was nevertheless a fact tending to prove that at the time of signing the certificate the defendant was living with the child's mother as her husband and not merely as a boarder.

Appellant claims that the court erred in failing to instruct the jury that certain impeaching testimony had been admitted only for purposes of impeachment. Assuming that the defendant was entitled to such an instruction, he cannot complain of its absence, since the record fails to show that he asked the court to give any instructions. Assuming, also,

that there were some errors in the rulings of the court upon the admission of evidence, they are of comparatively small importance in view of the fact that the guilt of the defendant was fully established by competent evidence.

The judgment and order are affirmed.

James, J., and Works, J., *pro tem.,* concurred.